# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MALIK NASIR, | : | |
| | : | C.A. No.: K16M-03-005 JJC |
| PETITIONER, | : | |
| | : | |
| v. | : | |
| | : | |
| STATE OF DELAWARE, | : | |
| | : | |
| RESPONDENT. | : | |

Submitted: February 27, 2024
Decided: April 8, 2024

## <u>ORDER</u>

On this 8th day of April 2024, having considered Petitioner Malik Nasir's motion seeking an enlargement of time to file an appeal of a commissioner's case-dispositive order (the "Order"), and the State's response, it appears that:

1.  A commissioner of this Court held a trial regarding Mr. Nasir's petition for return of $5,000 and miscellaneous jewelry seized during his arrest for drug crimes. He seeks reconsideration of the Order denying his petition for return of property. Superior Court Civil Rule 132(a)(4) required Mr. Nasir to appeal the Order to a judge of the Superior Court within ten days. After Mr. Nasir received the Order, he incorrectly attempted to appeal the decision directly to the Delaware Supreme Court.

2.  The Supreme Court later dismissed his appeal because it lacks jurisdiction to hear an appeal taken directly from the order of a Superior Court commissioner.[1] While Mr. Nasir's appeal awaited dismissal and his case remained

---

[1] *Nasir v. State*, 2024 WL 54040, at *1 (Del. Feb. 9, 2024).

in the Supreme Court, he filed a motion in the Superior Court seeking an enlargement of time to permit him to file a motion for reconsideration.[2] The Court deferred decision on that motion until the Clerk of the Supreme Court returned the mandate that included the Supreme Court' Order of dismissal.

3. Although Mr. Nasir filed his appeal with the Supreme Court on the tenth day following the filing of the Order, he did not meet the time requirement set by Rule 132(a)(4)(ii) because he filed it in the wrong court. Accordingly, absent an enlargement of the ten-day period to appeal to a judge of the Superior Court based upon good cause, Mr. Nasir's appeal must be rejected as untimely.[3]

4. In the State's response, the State opposes Mr. Nasir's appeal on substantive grounds but does not oppose granting his motion for enlargement of time. Here, the Court does not find persuasive Mr. Nasir's argument that a clerk in the Prothonotary's Office and the Supreme Court gave him incorrect advice that caused him to file in the wrong court. Nevertheless, Mr. Nasir is a self-represented litigant. Under the circumstances, his timely filing, albeit in the incorrect court, should not bar his ability to advance his substantive claims. Accordingly, there is good cause to grant his request to enlarge the time necessary to consider his appeal from the Commissioner's order.

5. As to the merits of Mr. Nasir's motion, he identifies only one cognizable exception to the Commissioner's recommendations and findings – the sufficiency of the evidence of record to uphold them. At this stage, the Court cannot consider the merits of his appeal because he has not obtained a transcript of

---

[2] D.I. 47.
[3] *See* Super. Ct. Civ. R. 132(c)( providing that "[t]he time periods specified in this Rule may be shortened or enlarged for good cause, by a judge.").

the proceedings as required by Rule 132.[4]   If Mr. Nasir seeks to prosecute his appeal, he shall obtain and file a copy of the transcript of the proceedings before the Commissioner within 90 days of the date of this Order.   Both Mr. Nasir and the State have provided their written positions regarding Mr. Nasir's exceptions.   No further submissions will be appropriate.  Upon his filing of the transcript, the Court will perform the required *de novo* review regarding his exception regarding sufficiency of the evidence and determine whether to accept, reject, or modify the Commissioner's findings.

WHEREFORE,  Mr. Nasir's motion for enlargement of time is **GRANTED.** A decision on his appeal of the Commissioner's Order, however, is deferred until he files a copy of the transcript of the proceedings with the Court.  At that point, the matter will be deemed submitted for decision.


       **IT IS SO ORDERED.**


/s/ Jeffrey J Clark
Resident Judge

---

[4] *See Id.* at 132(a)(4)(iii) (requiring Ms. Nasir, as the party filing written objections, to "cause a transcript of the proceedings, before the Commissioner to be prepared, served, and filed unless, subject to the approval of a judge, all parties agree to a statement of facts.").